UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-22369-CV-LENARD/TURNOFF

COLONY INSURANCE COMPANY,

    Plaintiff,

vs.

VILLAGE AT DADELAND CONDOMINIUM
ASSOCIATION, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant Marcus' Motion to Dismiss Complaint and/or Stay Plaintiff's Petition for Declaratory Relief **[D.E. 38]**, and an Order of Referral entered by the Honorable Joan A. Lenard on March 17, 2010. **[D.E. 75]**. A hearing on this Motion **[D.E. 38]** was held before the undersigned on Wednesday, April 14, 2010.

Upon review of the Motion **[D.E. 38]**, the Response **[D.E. 40]**, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

This is an action for declaratory relief where Plaintiff is seeking a judicial determination as to the availability of coverage and/or the legal rights, responsibilities and obligations of the parties regarding an insurance policy issued by Plaintiff Colony Insurance Company ("Colony") to the Village at Dadeland Condominium Association ("Village"). **[D.E. 1,¶14]**. The named Defendants are: Village, Regatta Real Estate Management, Inc. ("Regatta"), Melissa Marcus ("Marcus"), the Continental Group, Inc., Village at Dadeland Associates, LLC ("Dadeland"), Robert J. Wolfarth ("Wolfarth"), Kelly Cabrera ("Cabrera"), Maggie Lujardo ("Lujardo") and Marina Santos ("Santos").

The movant, Defendant Marcus, owns a condo unit in the subject building. The Petition for

Declaratory Relief alleges that the unit was foreclosed upon by Wachovia Bank, N.A. in April 2007.[1] Id. at ¶ 16. On or about March of 2008, the unit began experiencing water intrusion. Id. at ¶ 17. The source of the water appeared to be the unit directly above Marcus'- an unoccupied bank owned/foreclosed property. Id.

As the result of the damages sustained, Marcus filed a lawsuit on January 20, 2009 in the 11th Judicial Circuit in and for Miami-Dade County ("state court action"). The state court action (Marcus v. Village at Dadeland Condominium, et al., Case No: 09-06391 CA 24) names all of the Defendants listed in this action. The following additional defendants are named: U.S. Bank National Association, Restoration Management, Inc., Advanced Insurance Underwriters, LLC, and Certified Restoration Dry-Cleaning Network. Said action makes numerous allegations, e.g., failure of the condo board members to carry out their duties, failure to provide a proper budget, failure to adequately maintain the building, etc. Id.

In the instant action, the insurer, Colony, alleges that the subject policy contains conditions and/or exclusions that preclude coverage for most, if not all, of the above-named Defendants. Id. at ¶ 20. Notwithstanding the alleged lack of coverage, Colony is currently providing a defense to Defendants in the state court action under a Reservation of Rights. Id. at ¶22. In the Reservation of Rights, Colony specifically reserves its rights to recover the defense costs expended in that case. Id. at Ex. C.

Here, Colony seeks a declaration that it: (1) has no duty or obligation to defend Village, Regatta, Continental, Dadeland, Wolfarth, Cabrera, Lujardo or Santos against the allegations in the state court action; and that it (2) has no duty or obligation to indemnify Village, Regatta, Continental,

---

[1] The status of the foreclosure proceedings are not known to the Court.

2

Dadeland, Wolfarth, Cabrera, Lujardo or Santos for any damages awarded to Marcus in the lawsuit, whether by judgment, settlement, verdict or compromise. Colony is also seeking an award for costs with respect to Village, Regatta, Continental and Dadeland. Id. at p. 26.

## Analysis

In the instant Motion [D.E. 38], Defendant Marcus argues that in the absence of compelling circumstances, this action should be dismissed and/or stayed based upon the "first filed" rule. See, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169 (11th Cir 1982); see also, Marietta Dapery & Window Coverings Co., v. N. River Ins. Co., 486 F. Supp. 2d 1366, 1360 (N.D. Ga. 2007)(the "first filed" rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case). Defendant further argues that if she prevails in the state court action, this action will be deemed moot.

Colony, on the other hand, argues that the two lawsuits are not "competing" actions; therefore, the "first filed" rule does not apply. In Colony's view, the state court action seeks a determination as to who is at fault for the damage caused. This action, on the other hand, seeks a determination as to whether there is any duty to defend the insureds against the allegations in the underlying state court action. In sum, Colony argues that a stay or dismissal of this action would be inappropriate, whereas the prompt resolution of the coverage issues in this suit would benefit all parties. The undersigned agrees.

In Higgins v. State Farm Fire & Casualty Co., 894 So.2d 5 (Fla. 2004), a case very similar to this action, the Florida Supreme Court provides some guidance as to these very issues. In that case, Cheryl Ingalls filed a lawsuit against Charles Higgins, seeking damages for, *inter alia*, assault and battery. Id. at 7. The Complaint alleged that Higgins willfully and intentionally assaulted Ingalls when

he arrived drunk at the home of his estranged wife. Id. The property on which these events took place was insured by a homeowner's policy that had been issued to Higgins by State Farm Fire & Casualty Co. ("State Farm"). Id. Higgins demanded that State Farm defend the action. State Farm, in response, filed a declaratory action against Higgins and an alleged victim of assault. Id. In the declaratory action, the carrier sought a declaration that the policy provided no coverage, since the alleged tort was intentional. Id. Both actions were ultimately consolidated. Id. at 8.

In addressing the propriety of the declaratory action, the Court concluded that it is "illogical and unfair" to not allow insureds and insurers to have a determination as to whether coverage exists on the basis of facts underlying a claim against an insurance policy. Id. at 15. In so doing, the Court specifically stated, "Why should an insurer be placed in a position of either paying what it believes to be an uncovered claim or being in jeopardy of a bad faith judgment for failure to pay a claim?" Id. Following the rationale of Justice Pariente in Britamco Underwriters, Inc. v. Central Jersey Investments, Inc., 632 So. 2d 138, 141 (Fla. 4th DCA 1994), the Court concluded that the issues of coverage and/or duty to defend should be resolved prior to the tort action. Id. at 17. In Britamco, Justice Pariente – then a state appellate court judge – explained,

> A prompt determination of coverage potentially benefits the insured, the insurer and the injured party. If coverage is promptly determined, an insurance carrier is able to make an intelligent judgment on whether the settle the claim. If the insurer is precluded from having a good faith issue of coverage expeditiously determined, this interferes with early settlement claims. The plaintiff certainly benefits from a resolution of coverage in favor of the insured. On the other hand, if coverage does not exist, the plaintiff may choose to cut losses by not continuing to litigate against a defendant who lacks insurance coverage.

Britamco Underwriters, Inc. v. Central Jersey Investments, Inc., 632 So. 2d 138, 141 (Fla. 4th DCA 1994).

The Higgins Court, however, cautioned that there are "too infinite a variety of circumstances for there to be a rule applicable to all cases." Higgins, 894 So.2d at 16. For this reason, the timing

4

determination remains within the discretion of the trial court, after having weighed the factors of the particular case. Id.

In this connection, the Eleventh Circuit has provided general guidance as to the factors that should be considered when deciding whether or not to dismiss a federal declaratory action in favor of a state court action: (1) the state's interest in deciding the matter; (2) whether a judgment in the federal action would completely resolve the controversy; (3) whether the declaratory action would clarify the parties' legal relations; (4) whether the federal action amounts to fencing; (5) whether a ruling in the federal action would increase friction between federal and state courts; (6) whether a superior remedy exists; (7) whether underlying facts are important to an informed resolution of the matter; (8) whether the state court is better situated than the federal court to evaluate those facts; and (9) the nexus, if any, between the underlying issues and state law/policy, and whether federal common or statutory law requires a resolution of the declaratory action. See Ameritas Variable Life Ins. Co. v. Roach, 411 F. 3d 1328, 1330 (11th Cir. 2005).

Upon careful review, the applicable factors seem to weigh in favor of resolving the instant declaratory action first. For example, there is no question that a finding of no duty to defend and/or no coverage would affect the ultimate outcome in the state court action. Likewise, a judgment as to coverage in this action will most certainly affect the parties' legal relationship. Here, there is no indication that a ruling in this action would increase friction between federal and states courts. There is likewise no indication that a superior remedy exists and/or no indication that the state court is better situated to evaluate the facts.

Indeed, in scenarios such as this one, district courts have found that declaratory judgment actions are appropriately resolved first in order to aid in the early resolution of the insurer's coverage

5

obligations. See e.g., Markel Int'l Ins. Co. v. O'Quinn, 566 F.Supp. 2d 1374 (S.D. Ga. 2008)(stay of tort action (federal) against insured was appropriate pending a determination in a separate declaratory action (federal) as to whether or not the insurer had a duty to defend and/or indemnify the insured)).

This is the more logical approach. A finding to the contrary would force the insurer to defend the insured in the state court action while at the same time contesting coverage in this suit. Consistent with the above and foregoing, it is **RESPECTFULLY RECOMMENDED** that Defendant Marcus' Motion to Dismiss Complaint and/or Stay Plaintiff's Petition for Declaratory Relief **[D.E. 38]** be **DENIED**. Without making any specific findings, the undersigned notes that it might be in the best interest of all parties to abate the state court proceedings pending a determination as to the coverage issues in this action.

Pursuant to 28 U.S.C. § 636(b)(1)( c), the parties may file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Court, within fourteen (14) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, reh'g denied, 7 F. 3d 242 (11th Cir. 1993) (*en banc*); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 15th day of April 2010.

*[signature]*

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:   Hon. Joan A. Lenard
      Counsel of Record