UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-22369-CV-LENARD/TURNOFF

COLONY INSURANCE COMPANY,

    Plaintiff,
vs.

VILLAGE AT DADELAND CONDOMINIUM
ASSOCIATION, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of Final Judgment Against Defendant Village at Dadeland Associates, LLC. ("Village") **[D.E. 37]**, and an Order of Referral entered by the Honorable Joan A. Lenard on March 17, 2010. **[D.E. 75]**. A hearing on the Motion **[D.E. 37]** took place before the undersigned United States Magistrate Judge on Wednesday, April 14, 2010. Counsel for the movant, John E. Herndon, Jr., Esq., appeared via telephone. Village did not appear.

Upon review of the Motion **[D.E. 37]**, the court file, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

This is an action for declaratory relief where Plaintiff Colony Insurance Company ("Colony") is seeking a judicial determination as to the availability of coverage and/or the legal rights, responsibilities and obligations of the parties as it relates to an insurance policy issued by Colony to Village, a condominium complex. In this action, Colony named several Defendants, including the owner of the condo unit in question, the condo's management company and several of the condo's directors. **[D.E. 1]**.

Colony now seeks the entry of Final Judgment against Defendant Village. Plaintiff argues, *inter alia*, that final judgment is appropriate under Fed.R.Civ.P. 55 (b)(2), because a Clerk's Default was already entered on December 21, 2009. **[D.E. 35]**.

Fed.R.Civ.P. 55(b)(2) states in relevant part,

> (b) **Judgment**. Judgment by default may be entered as follows:
>
> * * *
>
> (2) *By the Court*. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an in fact or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account, or to determine the amount of damages, or to the truth of any averment by evidence, or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed.R.Civ.P. 55. (emphasis in original).

Upon careful review, it appears that the entry of a default judgment is appropriate. Defendant Village was served with this lawsuit on September 21, 2009. **[D.E. 17-1]**. To date, Village has failed to enter an appearance[1] in this action. Village has likewise failed to respond to any pleading, including the Petition for Declaratory Relief, and the instant Motion. As noted above, a Clerk's Default was entered on December 21, 2009. **[D.E. 35]**. No motions to set aside said Default have been filed.

---

[1] At the hearing, counsel for Marcus advised that Village had recently filed a Suggestion of Bankruptcy in a related state court action. However, as of the date of this Report, no such notice has been filed in this action.

Consistent with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion for Final Default Judgment **[D.E. 37]** be **GRANTED** against Village at Dadeland Associates, LLC, specifically finding that Colony does not owe any duty of defense or indemnification to Village for the allegations in the underlying lawsuit. The Court notes that no request for monetary damages has been made; as such, an evidentiary hearing on damages is not necessary.

Pursuant to 28 U.S.C. § 636(b)(1)( c), the parties may file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Court, within fourteen (14) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, reh'g denied, 7 F. 3d 242 (11th Cir. 1993) (*en banc*); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 15th day of April 2010.

_____
**WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE**

cc:   Hon. Joan A. Lenard
      Counsel of Record