UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-22369-CV-LENARD/TURNOFF

COLONY INSURANCE COMPANY,

    Plaintiff,

vs.

VILLAGE AT DADELAND CONDOMINIUM
ASSOCIATION, et al.,

    Defendants.
_____/

## ORDER AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of Final Judgment Against Defendant Marina Santos ("Santos") **[D.E. 94]**, and an Order of Referral entered by the Honorable Joan A. Lenard on April 29, 2010. **[D.E. 95]**. A hearing on the Motion **[D.E. 94]** took place before the undersigned United States Magistrate Judge on Tuesday, May 18, 2010. Counsel for Plaintiff, Brett R. Bloch, appeared in Court. Craig Shapiro, counsel for Defendants (also former[1] counsel for Santos) was also present. Defendant Santos did not appear.

### Background

This is an action for declaratory relief where Plaintiff is seeking a judicial determination as to the availability of coverage and/or the legal rights, responsibilities and obligations of the parties as it relates to an insurance policy issued by Plaintiff Colony Insurance Company ("Colony").

The named Defendants are: Village at Dadeland Condo Association ("Village"), Regatta Real Estate Management, Inc. ("Regatta"), Melissa Marcus, the Continental Group, Inc., Village

---

[1] Mr. Shapiro confirmed that he does not currently represent Ms. Santos, and that his prior limited representation of her was done in error.

at Dadeland Associates, LLC (Dadeland), Robert J. Wolfarth ("Wolfarth"), Kelly Cabrera ("Cabrera"), Maggie Lujardo ("Lujardo") and Marina Santos ("Santos").

On April 15, 2010, the undersigned entered a Report and Recommendation recommending the entry of Final Default Judgment against Defendant Village at Dadeland Associates, LLC. **[D.E. 91]**. On that same day, the undersigned entered a Report and Recommendation recommending that Defendant Marcus' Motion to Dismiss be denied. **[D.E. 89]**. Both Reports were subsequently adopted by Judge Lenard. See **[D.E. 99, 100]**.

Colony now seeks the entry of Final Judgment against Defendant Santos. Plaintiff argues, *inter alia*, that final judgment is appropriate under Fed.R.Civ.P. 55 (b)(2), because a Clerk's Default was already entered on April 14, 2010.[2] **[D.E. 87]**.

Fed.R.Civ.P. 55(b)(2) states in relevant part,

(b) **Judgment**. Judgment by default may be entered as follows:

\* \* \*

(2) *By the Court*. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an in fact or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account, or to determine the amount of damages, or to the truth of any averment by evidence, or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

---

[2]A Clerk's Default was previously entered against Santos on December 10, 2009. **[D.E. 21]**. On January 7, 2010, Santos filed a Motion to Set Aside Default. **[D.E. 42]**. Same was granted by Judge Lenard on January 26, 2010. **[D.E. 45]**. However, another Clerk's Default was entered against Santos on April 14, 2010 for failure to serve any responsive pleading to the Petition for Declaratory Relief and Decree. **[D.E. 87]**.

Fed.R.Civ.P. 55. (emphasis in original).

Upon careful review, it appears that the entry of a default judgment is appropriate given the current posture of the case. Here, Defendant Santos was served with this lawsuit on October 29, 2009. **[D.E. 33]**. As noted above, a Clerk's Default was originally entered on December 10, 2009. **[D.E. 21]**. On January 7, 2010, Santos appeared via Mr. Shapiro – her then counsel – to ask that the Clerk's Default be set aside. Mr. Shapiro had entered a *Limited Appearance* on January 5, 2010. **[D.E. 41]**.

On February 25, 2010, however, Mr. Shapiro withdrew as counsel. See **[D.E. 66]**. Judge Lenard's Order gave Santos until March 16, 2010 to retain new counsel, or submit an affidavit indicating her intention to proceed *pro se*. No response was filed.

On March 17, 2010, Judge Lenard entered an Order to Show Cause as to Santos' non-compliance with her instructions after Mr. Shapiro's withdrawal. **[D.E. 76]**. When no response was filed, Judge Lenard directed the Court to once again enter Default against Santos. **[D.E. 78]**. As noted *supra*, this was done on April 14, 2010. **[D.E. 87]**.

Upon questioning, Mr. Shapiro indicated, as an Officer of the Court, that he had forwarded copies of the Court's prior orders to Ms. Santos by way of Ramon C. Palacio, Esq., Association Law Group, LLC. (counsel for the Condo Board), as well as by way of Andrew J. Marchese, Esq. (counsel for Ms. Santos in the underlying state court action). To date, Santos remains in non-compliance with Judge Lenard's prior Orders. No other motions to set aside default have been filed.

Consistent with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion for Default Judgment **[D.E. 94]** be **GRANTED** together with a finding that "Plaintiff Colony Insurance Company has no duty to defend MARINA SANTOS

against the allegations of the underlying lawsuit, pending in Miami-Dade County, Florida, filed by MELISSA MARCUS," and that "Plaintiff COLONY INSURANCE COMPANY has no duty to indemnify MARINA SANTOS for any damages which may be awarded in favor of MELISSA MARCUS, against MARINA SANTOS, in the underlying lawsuit, pending in Miami-Dade County, filed by MELISSA MARCUS."

Consistent with the instructions as stated at the hearing, Plaintiff is hereby **ORDERED** to personally serve copies of this Report and Recommendation upon: (1) Ms. Santos, (2) Ramon C. Palacio, Esq., and (3) Andrew J. Marchese, Esq., at their last known addresses.

Pursuant to 28 U.S.C. § 636(b)(1)( c), the parties may file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Court, within fourteen (14) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, reh'g denied, 7 F. 3d 242 (11th Cir. 1993) (*en banc*); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 19th day of May 2010.

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:   Hon. Joan A. Lenard
      Counsel of Record